**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yuming Hao, | No. CV-25-02536-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Chu Chu, | |
| Defendant. | |

Plaintiff Yuming Hao, a resident of the People's Republic of China, has filed a Complaint (Doc. 1, Compl.) against Defendant Chu Chu, who Plaintiff alleges is a resident of Malaysia. Plaintiff brings two claims, namely: (1) for a declaratory judgment that Plaintiff is the rightful owner of the domain name "968.com"; and (2) for breach of contract. Plaintiff asserts that the Court has subject matter jurisdiction over this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* (Compl. ¶ 5.)

The United States Supreme Court has made clear that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Contrary to Plaintiff's assertion in the Complaint, "[t]he Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court," but rather "only permits the district court to adopt a specific remedy when jurisdiction exists." *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950)). Plaintiff does not raise a federal question in the Complaint such that the Court would have jurisdiction over this case pursuant to 28 U.S.C. § 1331. And the Court has no jurisdiction over Plaintiff's state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. That statute provides that federal courts have jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.

According to Plaintiff's allegations, neither Plaintiff nor Defendant is a citizen of any state, but rather they are both citizens of foreign nations. While 28 U.S.C. § 1332(a)(3) provides district courts with jurisdiction over civil actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," there must be diverse Americans on both sides of the dispute for diversity jurisdiction to exist. *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024); *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298–99 (9th Cir. 1985). Here, there are no Americans on either side of the dispute, and diversity jurisdiction thus does not exist.

It is a well-settled principle of law that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 22 U.S. 537, 539 (1824). And a plaintiff may not make a post-filing amendment such as a change in a party's citizenship or the addition of a new party to cure a lack of subject matter jurisdiction at the outset. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 514 U.S. 567, 568, 574–75 (2004). Because Plaintiff cannot cure the lack of diversity jurisdiction by amendment of the Complaint, the Court must dismiss this case.

**IT IS THEREFORE ORDERED** dismissing this case for a lack of subject matter jurisdiction.

. . .

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 6th day of August, 2025.

*[signature]*
Honorable John J. Tuchi
United States District Judge